GREGORY M. GARVIN
ACTING U. S. TRUSTEE FOR REGION 18
KATHRYN PERKINS
OFFICE OF THE UNITED STATES TRUSTEE
700 STEWART STREET, SUITE 5103
SEATTLE, WASHINGTON 98101-1271
TELEPHONE: (206) 553-2000
FAX: (206) 553-2566

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In Re: | Case No. 17-00282 |
| Peninsula Airways, Inc., | Chapter 11 |
| Debtor. | UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE WITH RECCOMENDATION OF DISMISSAL |

The Acting United States Trustee, Gregory M. Garvin, by and through his undersigned counsel, hereby moves (the "**Motion**") the Court for an order dismissing the above captioned bankruptcy case under § 1112(b) on the basis that the above-captioned debtor (the "**Debtor**") is administratively insolvent and unable to timely satisfy its quarterly fee obligations thereby warranting a finding of "cause" under § 1112(b)(4)(A) and (K).  In support of the Motion, the United States Trustee respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over the Motion pursuant to 11 U.S.C. §§ 307 and 1112(b).

2.  The United States Trustee brings the Motion pursuant to the United States Trustee's authority to supervise the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3) and pursuant to 11 U.S.C. § 1112(b)(1).

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 1

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

## FACTUAL BACKGROUND

3. On August 6, 2017 (the "**Petition Date**"), the Debtor sought relief under Chapter 11 of Title 11 of the United States Code.

4. On September 15, 2017, the Debtor filed a *Motion for Blanket Authority to Assume, Modify or Enter into New Aircraft Leases* (the "**Assumption Motion**"). ECF No. 137.

5. On September 19, 2017, the United States Trustee filed a limited objection to the Assumption Motion. ECF No. 144.

6. On September 22, 2017, the Court entered an Order approving the Assumption Motion, which incorporated the notice requirement the United States Trustee requested in her limited objection (the "**Assumption Order**"). ECF No. 150.

7. On October 30, 2017, the Debtor filed a motion seeking authority to enter into a DIP financing Agreement (the "**DIP Financing Motion**") with Wexford Capital, LP ("**Wexford**"). ECF 162.

8. On November 2, 2017, in accordance with the Assumption Order, the Debtor gave notice of its intent to assume several aircraft leases with Montrose. ECF No 166-169.

9. On November 7, 2017, the Court entered an order approving the DIP Financing Motion, granting Wexford a super priority interest on essentially all of the Debtor's assets. ECF No. 177. That order was subsequently amended on November 9, 2017 [ECF 178], and November 15th [ECF No. 183] (as amended the "**DIP Financing Order**").

10. On November 21, 2017, in accordance with the Assumption Order, the Debtor gave notice of its intent to assume several aircraft leases with Jetstream. ECF No 187.

11. On December 1, 2017, the Debtor moved to extend the exclusivity deadline by which it had to file a plan and disclosure statement (the "**First Exclusivity Motion**"). ECF No. 197.

12. On December 22, 2017, the Court granted the First Exclusivity Motion, giving the Debtor until January 31, 2018 to file a disclosure statement, and extending the 180 day

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 2

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

deadline in § 1121(c)(3) until March 30, 2018. ECF No. 221.

13.     On December 29, 2017, in accordance with the Assumption Order, the Debtor gave notice of its intent to assume certain TurboLease Aircraft Leases. ECF No. 222.

14.     On January 23, 2018, the Debtor filed a second motion to extend the exclusivity deadlines. ECF No. 238. That motion was granted on February 1, 2018. ECF No. 246.

15.     On February 19, 2018, the Debtor filed a third motion to extend the exclusivity deadlines. ECF 262. That motion was granted on March 2, 2018. ECF No. 273.

16.     On March 15, 2018, the Debtor filed a fourth motion to extend the exclusivity deadlines. ECF No. 288. That motion was granted on April 4, 2018 (the "**Fourth Exclusivity Order**"). ECF No. 305. The Fourth Exclusivity Order gave the Debtor until April 30, 2018 to file a disclosure statement and plan. *Id.*

17.     As set forth in the Declaration of Martha Van Draanen (the "**Van Draanen Decl.**") being filed concurrently herewith, the United States Trustee's quarterly fees for the first quarter of 2018 are $156,215 which are due in full on April 30, 2018. Van Draanen Decl. at ¶ 5. Further, Ms. Van Draanen has reviewed the Debtor's weekly financial disclosures made to the United States Trustee, and a review of the April 15th financial disclosures suggests the Debtor lacked the cash to timely satisfy the substantial quarterly fee as of the end of last week. *Id.* at ¶ 6. Debtor's counsel has represented to the United States Trustee that the Debtor does not have sufficient cash available to timely satisfy the outstanding quarterly fee bill and it is unlikely that the Debtor will be able to timely satisfy the ongoing quarterly fees which will accrue at 1% of all disbursements made by the Debtor during each quarter, assuming the Debtor's quarterly disbursements exceed $1 million dollars a quarter.[1]

18.     On April 20, 2018, the Court conducted a status conference in the case. As part of his presentation Debtor's counsel noted on the record that Wexford Capital had ceased

---

[1] *See* Effective January 1, 2018, the United States Trustee's fees due under 28 U.S.C. § 1930(a)(6) are 1% of any amount disbursed over $1M or $250,000 whichever is less. *See* https://www.justice.gov/ust/chapter-11-quarterly-fees

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 3

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

providing financing to the Debtor, a statement which Wexford's counsel did not dispute. However, Debtor's counsel also noted that the Debtor would still be able to meet certain ongoing operating expenses in the very near future, including the ability to fund the upcoming payroll, insofar as Alaska Airlines had agreed to advance ticket receivables for the month of May 2018. However, Debtor's counsel did not paint the Debtor's finances in a way which would suggest the Debtor would be able to timely satisfy the significant United States Trustee's Quarterly fee obligation which is due and payable as of April 30, 2108. Similarly, representations were made at the status hearing that the Debtor was substantially in arrears with its post-petition assumed lease payment obligations, including approximately $600,000 due to TurboLease and at least $400,000 due to JetStream. These administrative expenses do not include the substantial professional fees which continue to accrue post-petition which will share administrative expense priority.

19. For the reasons set forth below, the United State Trustee asserts that the Debtor's administrative insolvency and inability to pay Quarterly Fees when due constitutes "cause" and warrants dismissal of this case under § 1112(b).

## AUTHORITY AND ARGUMENT

### A. The § 1112(b)(1) Standard

Bankruptcy Code § 1112(b) provides that "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under [chapter 11] to a case under chapter 7 or dismiss a case under [chapter 11], whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1). Section 1112(b) establishes a two-step analysis for addressing questions of conversion or dismissal. *In re Kenny G Enterprises, LLC*, 2014 WL 4100429, *12 (B.A.P. 9th Cir. Aug. 20, 2014) (citing *Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 729 (B.A.P. 9th Cir. 2008)). First, the court must determine whether cause exists for conversion or dismissal. *Id.* Second, if

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 4

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

cause exists, the court must determine whether the remedy of conversion or dismissal "better serves the interests of the creditors and the estate." *Id.*; *Pryor v. United States Trustee (In re Pryor)*, 2016 WL 6835372, *5 (B.A.P. 9th Cir. Nov. 18, 2016) (affirming bankruptcy court's conversion of chapter 11 case on United States Trustee's motion); *see also In re Owens*, 552 F.3d 958, 960-61 (9th Cir. 2009) (court must consider interests of all creditors). The factors enumerated in § 1112(b)(4) as "cause" are non-exclusive, and "bankruptcy courts enjoy wide latitude in determining whether the facts of a particular case constitute cause for conversion or dismissal under § 1112(b)." *In re Kenny G Enterprises, LLC* at *11, *see also In re Bowers Inv. Co., LLC,* 553 B.R. 762, 768 (Bankr. D. Alaska 2016). Here, "cause" to dismiss the cases exists under both § 1112(b)(4)(A) and (K).

### B. Cause Exists Under § 111(b)(4)(A)

Cause to convert this case exists under § 1112(b)(4)(A) due to a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" in light of the impending sale of the Debtor's operating assets. To satisfy cause under this factor "there must be both (1) continuing loss or diminution, and (2) the absence of a reasonable likelihood of rehabilitation." *In re Prod. Int'l Co.,* 395 B.R. 101, 110 (Bankr. D. Ariz. 2008), *citing In re Original IFPC Shareholders, Inc.,* 317 B.R. 738 (Bankr. N.D. Ill. 2004); and *In re AdBrite Corp.,* 290 B.R. 209 (Bankr. S.D.N.Y. 2003). Both factors are present in this case.

As to the first requirement, the Debtor is administratively insolvent, and Wexford recently terminated the Debtor's ability to obtain additional DIP financing compromising the Debtor's ability to emerge from administrative insolvency in the near future. While technically satisfaction of the first requirement of § 1112(b)(4)(A) is retrospective, the Ninth Circuit Bankruptcy Appellate Panel has also found *actual* or *prospective* administrative insolvency sufficient to constitute cause under § 1112(b). *In re Hassen Imports Partnership,* Case No. 13-1042 (B.A.P. 9th Cir. Aug. 19, 2013)(unpublished) *citing In re BHS & B Holdings, LLC*, 439 B.R. 342, 349 (Bankr.S.D.N.Y.2010) (citations omitted). Simply put, although Alaska Airlines

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 5

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

has agreed to advance the Debtor sufficient sums to maintain operations at least for the near future, those advances are unlikely to be sufficient to satisfy the substantial post-petition administrative expense arrears due to the aircraft lessors and the substantial United States Trustee's quarterly fees going forward. Simply put, while there has not necessarily been a substantial continuing loss, the Court can find this element satisfied by the Debtor's seriously questionable future financial state and the mounting administrative expenses which the Debtor cannot avoid having assumed certain aircraft lease obligations which it is now bound to honor under sections 365 and 1110 of the Bankruptcy Code.

As to the second element, "[r]ehabilitation is a more demanding standard than reorganization, and is defined by whether the debtor will be able to reestablish his business on a firm, sound basis." *In re Paterno*, 511 B.R. 62, 68 (Bankr. M.D.N.C. 2014) *citing In re Creekside Sr. Apartments, L.P.,* 489 B.R. at 53; *In re Westgate Prop., Ltd.,* 432 B.R. 720, 723 (Bankr. N.D. Ohio 2010). "Determining whether there is a likelihood of rehabilitation is not a technical test of whether the debtor can confirm a plan, but rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re Paterno*, 511 B.R. at 68 *citing In re Vallambrosa Holdings, LLC,* 419 B.R. at 89. Here, the Debtor's business prospects are substantially better outside of the instant chapter 11 than they are inside of this chapter 11. The mounting administrative expenses incurred by the Debtor to date are likely to substantially inhibit any chance the Debtor has of negotiating an exit from this case. It is highly unlikely that the Debtor will be able to generate sufficient income in the instant chapter 11 case to satisfy all of the administrative expenses which have accrued to date including professional fees, United States Trustee quarterly fees and the mounting administrative fees incurred as a result of the assumed aircraft leases under sections 365 and 1110 of the Bankruptcy Code. The administrative expense burden this Debtor is currently operating under is so burdensome that to the extent the Debtor has any future at all, it is clear that that future can only occur outside of the instant bankruptcy proceeding.

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 6

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

### C. Cause Exists Under § 1112(b)(4)(K)

Failure to pay the quarterly U.S. Trustee's fee is a ground to convert or dismiss the case under 11 U.S.C. § 1112(b)(4)(K). *See In re Chandni, LLC*, 570 B.R. 530, 532 (Bankr. W.D. La. 2017). Here the Debtor has conceded it will not be able to timely pay the United States Trustee's fees warranting a finding of "cause" under § 1112(b)(4)(K).

### D. Lack of Unusual Circumstances

Having established cause, the next query is whether there exist any "unusual circumstances" which would justify not converting or dismissing the case. Aside from § 1112(b)(2), inserted by BAPCPA, § 1112(b) does not define "unusual circumstances" but the bankruptcy court for the District of Montana aptly described the exception as follows:

> it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding.

*In re Fisher*, Bankr. No. 07-61338-11, 2008 WL 1775123, at *5 (Bankr. D. Mont. Apr. 15, 2008). Here, there are no unusual circumstances which would warrant keeping this case in chapter 11. To the contrary, the unusual circumstances of this case warrant dismissal of the case. Dismissal of the case would free the Debtor to renegotiate its previously assumed aircraft leases with the hope that it would be able to scale down its operations and possibly preserve at least a portion of the Debtor's substantial workforce or possibly work out a deal with Alaska Airlines outside the instant chapter 11 case, a deal that, post-dismissal would not require Court approval or compliance with the stringent confirmation standards.

### E. Dismissal is the United States Trustee's Preferred Remedy

Finally, although the decision to convert or dismiss this case is within the Court's discretion under § 1112(b), the United States Trustee asserts that dismissal is the more

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 7

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

appropriate remedy in this case given the fact that conversion of the case would indisputably result in the termination of the Debtor's operation and likely the loss of substantial jobs. Accordingly, the United States Trustee requests the Court dismiss the case.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an Order dismissing this chapter 11 case and for such other relief as the Court finds just and proper.

DATED this 25th day of April, 2018.

                                                            Respectfully Submitted,

                                                            Gregory M. Garvin
                                                            Acting United States Trustee for Region 18

                                                            /s/ *Kathryn Perkins*
                                                           Kathryn Perkins, Cal Bar 240149
                                                           Attorney for the United States Trustee

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE - Page 8

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566